PER CURIAM. The Florida Bar’s Juvenile Court Rules Committee (Committee) has filed a “fast-track” out-of-cycle report proposing amendments to the Florida Rules of Juvenile Procedure in response to recent legislation. See Fla. R. Jud. Admin. 2.140(e). We have jurisdiction[1] and adopt the amendments as proposed. The Committee proposes amendments to rules 8.305- (Shelter Petition, Hearing, and Order), 8.325 (Answers and Pleadings), 8.335 (Alternatives Pending Disposition), 8.340 (Disposition Hearings), 8.345 (Post-Disposition Relief), 8.347 (Motion to Supplement Order of Adjudication, Disposition Order, and Case Plan), 8.400 (Case Plan Development), 8.401 (Case Plan Development for Young Adults), 8.415 (Judicial Review of Dependency Cases), 8.435 (Reinstatement of Jurisdiction for Young Adult), and 8.505 (Process and Service), and forms 8.967 (Order of Disposition, Acceptance of Case Plan, and Notice of Hearing), 8.973A (Order on Judicial Review for Child Age 17 or Older), 8.973B (Order on Judicial Review), and 8.973C (Order on Judicial Review for Young Adults in Extended Foster Care). The majority of the proposals implement statutory' changes that became effective May 1, 2017, - and July 1, 2017.[2] The other amendments are purely technical changes. The Board of Governors of The Florida Bar unanimously approved the proposals. The Committee did not publish its proposals before filing them with the Court. After considering the proposed amendments and reviewing the relevant legislation, we amend the Florida Rules of Juvenile Procedure as proposed by the Committee. The more significant amendments are discussed below. The amendments to subdivisions (e)(1) (Notice; In General) and (e)(2) (Notice; Summons) of rule 8.347 (Motion to Supplement Order of Adjudication, Disposition Order, and Case Plan) add language that must be included in a notice of hearing on a motion to supplement and in a summons in order for the court to find that the failure of a properly served person to appear at' the preliminary hearing on the motion constitutes consent to the motion. See ch. 2017-151, § 10, Laws of - Fla. (amending § 39.507(7)(b), Fla. Stat. (2016)). The amendment to subdivision (f)(3) (Preliminary Hearing on Motion) of rule 8.347 provides, “Failure of the person properly served with notice to personally appear at the preliminary hearing on the motion [to supplement] constitutes the person’s consent to the court’s finding that the person contributed to the dependency status of the child pursuant to the statutory definition of a dependent child.” New subdivision (g)(5) (Evidentiary Hearing; Failure to Appear) provides that if a person appears for the preliminary hearing on the motion to supplement and the court orders that person to personally appear at the evidentiary hearing on the motion, that person’s failure to appear for the eviden-tiary hearing constitutes consent to the court’s finding that the person contributed to the dependency status of the child. New subdivision (d)(9) is added to rule 8.400 (Case Plan Development) to require the Department of Children and Families (Department) to attach the child’s transition plan, if applicable, to the case plan. See ch. 2017-151, § 17, Laws.of Fla. (amending § 39.6035(4), Fla. Stat. (2016)). New. (c)(5) (Department Responsibility).is added to rule 8.401 (Case Plan Development for Young Adults) to require the Department to attach the young adult’s transition plan to the case plan. The amendment to subdivision (b)(3) "(Review Hearings for Children 17 Years of Age) of rule 8.415 (Judicial Review of Dependency Cases) requires the Department to update the child’s transition plan before each judicial review hearing and 'requires the court to approve the transition plan before the child’s 18th birthday. Forms 8.973B (Order on Judicial Review), and 8.973C (Order on Judicial Review for Young Adults in Extended Foster Care) are amended consistent with the rule changes. The amendment to subdivision (a)(1) (Petition for Reinstatement of Jurisdiction) of rule 8.435 (Reinstatement of Jurisdiction for Young Adult) is in response to chapter 2017-151, section 3, Laws of Florida, which amended section 39.013(2), Florida .Statutes (2016), to extend the court’s jurisdiction over a child with a 'disability who is in foster care until that child reaches the age of 22. Subdivision (a)(1) of the rule is amended to provide that “[i]f a young adult who is-between the ages of 18 and 21, or 22 if the young adult has a disability, is re-admitted to foster care, the department shall petition the court to reinstate jurisdiction over the young adult.” Forms 8.973A (Order on Judicial Review for Child Age 17 or Older), 8.973B (Order on Judicial Review),, and 8.973C (Order on Judicial Review for Young Adults in Extended Foster Care) are amended consistent with the rule change. Accordingly, the Florida Rules of Juvenile Procedure are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall take effect immediately upon the release of this opinion. Because the amendments were not published for comment prior to their - adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[3] It is so ordered. LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur. APPENDIX RULE 8.305. SHELTER PETITION, HEARING, AND ORDER (a) [No Change] (b) Shelter Hearing. (1)—(8) [No Change] (9) If the identity of a parent is unknown, the court must conduct the inquiry required by law. (910) The court shall inquire of the parents whether the parents have relatives who might be considered for placement of the child. The parents shall provide to the court and all parties identification and location information regarding the relatives. The court shall advise the parents that the parents have a continuing duty to inform the department of any relative who should be considered for placement of the child. (1911) The court shall advise the parents, that if the parents fail to substantially comply with the case plan their parental rights may be terminated and the child’s out-of-home placement may become permanent. (1112) The court must request that the parents consent to provide access to the child’s medical and educational records and provide information to the court, the department, or its contract agencies, and any guardian ad litem or attorney for the child. If a parent is unavailable, is unable to consent, or withholds consent and the court'determines access to the records and information is necessary to provide services for the child, the court shall issue an order granting access. (1213) The court may order the parents to provide all known medical information to the department and to any others granted access. (1314) If the child has or is suspected of having a disability and the parent is unavailable pursuant to law, the court must appoint a surrogate parent or refer the child to the district school superintendent for appointment of a surrogate parent. (1415) If the shelter hearing is conducted by a judge other than a judge assigned to hear dependency cases, a judge assigned to hear dependency cases shall hold a shelter review on the status of the child within 2 working days after the shelter hearing. . (c)-(d) [No Change] RULE 8.325. ANSWERS AND PLEADINGS (a)-(b) [No Change] (c) Admission of or Consent to Dependency. The parent or legal custodian may admit or consent to a finding of dependency. The court shall determine that any admission or consent to a finding of dependency is made voluntarily and with a full understanding of the nature of the allegations and the possible consequences of the admission or consent, and that the parent has been advised of the right to be represented by counsel. The court shall incorporate these findings into its order in addition to findings of fact specifying the act or acts causing dependency, by whom committed, and facts on "which the findings are based.If the answer-admits the allegations of the petition it-shall constitute’consent-to a predisposition -study. RULE 8.335. ALTERNATIVES PENDING DISPOSITION If the court finds that the evidence supports the allegations of the petition, it may make a finding of dependency as provided by law. If the predisposition and otherre-ports required by law are available, the court may proceed to disposition or continue the case for a disposition hearing. If the case is continued, the court may refer the case to appropriate agencies for additional study and recommendation. The court may order the child continued in placement, designate the placement or the agency that will be responsible for the child’s placement, and enter such other orders deemed necessary to protect the health, safety, and well-being of the child, including diagnosis, evaluation, treatment, and visitation. RULE 8.340. DISPOSITION HEARINGS (a)-(b) [No Change] (c) Orders of Disposition. The court shall in its written order, of disposition include: (l)-(9) [No Change] (10) approval of the case plan and any reports required by law as filed with the court. If the court does not approve the case plan at the disposition hearing, the court must set a hearing within 30 days after the disposition hearing to review and approve the case plan. ■ Committee Notes [No Change] RULE 8.345. POST-DISPOSITION RELIEF (a) Motion for Modification of Placement. A child who has been placed in his or . her own home, in the home of a relative, or in some other place, under the supervision or legal custody of the department, may be brought before the court by the department or any interested person on a motion for modification of placement. If neither the department, the child, the parents, the legal custodian, nor any appointed guardian ad litem or attorney ad litem object to the change, then the court may enter an order making the change in placement without a hearing. If the department, the child, the parents, the legal custodian, or any appointed guardian ad litem or attorney ad litem object to the. change of placement, the court shall conduct a hearing and thereafter enter an order changing the placement, modifying the conditions of placement, continuing placement as previously ordered, or placing .the child with the department or a licensed child-caring agency. (1) In cases in which the issue before the court is - whether a- child should be reunited with a parent, and the child is currently placed with someone other than a parent, the court must review the conditions for return and determine whether the parent-has substantially-complied-with the- terms-of-the-case- -plancircumstances that caused the out-of-home placement and issues subsequently identified have been remedied to the extent that the return of the child to the home with an in-home safety plan prepared or approved^ by the department will not be detrimental to the child’s safety, well-being, and physical,, mental, and emotional healthof the -child-is not endangered' by-the-return of the -child to the home. (2) In cases in which the issue before the court is whether a child who is placed in the custody of a parent should be reunited with the other parent upon a finding the case planthat the circumstances that caused the -out-of-home placement and issues subsequently - identified have been remedied to :the extent that the return of the child to the home of the other parent with an in-home safety plan prepared or approved by. the department will- not be detrimental - to the child, the court-.must determine that the safety, well-being, and physical, mental, and emotional health .of the. child would not be endangered, by reunification and that reunification would be in the best interest of the child. (b) [No Change] RULE 8.347. MOTION TO SUPPLEMENT ORDER OF ADJUDICATION, DISPOSITION ORDER, AND CASE PLAN (a)-(d) [No Change] (e) Notice. (1) In General. Parents or legal custodians who have previously been properly served with the dependency petition or who have previously appeared in the dependency proceeding shall be served with a notice of hearing and copies of the motion and the initial order of adjudication of dependency in the same manner as the service of documents that are filed after the service of the initial dependency petition as provided in these rules. The notice shall require the person on whom it is served to appear for the preliminary hearing on the motion at a time and place specified, not less than 72 hours after service of the motion. The document containing the notice to respond or appear must contain, in type at least as large as the balance of the document, the following or substantially similar language: “FAILURE TO PERSONALLY APPEAR AT THE PRELIMINARY HEARING ON THE MOTION CONSTITUTES YOUR CONSENT TO THE COURT’S FINDING THAT YOU CONTRIBUTED ,TO THE DEPENDENCY STATUS OF THE CHILD PURSUANT TO THE STATUTORY DEFINITION OF A DEPENDENT CHILD AND MAY ULTIMATE- - LY RESULT IN LOSS OF CUSTODY OF THIS CHILD (OR CHILDREN).” (2). Summons. (A) Parents or legal custodians who have not been .properly .served with the . dependency petition or who have not previously appeared in the dependency proceed- ing must be properly served with a summons. and copies of the motion . and the initial order of adjudication of dependency. The summons must require the person on whom it is served to appear for a preliminary hearing on the motion at a time and place specified, not less than 72 hours' after service of the summons. The summons must contain, in type at least as large as the balance of the document, the following or substantially similar language: “FAILURE TO PERSONALLY APPEAR AT THE PRELIMINARY HEARING ON THE MOTION CONSTITUTES YOUR CONSENT TO THE COURT’S FINDING THAT YOU CONTRIBUTED TO. THE DEPENDENCY STATUS OF THE CHILD PURSUANT TO THE STATUTORY DEFINITION OF A DEPENDENT CHILD AND MAY ULTIMATELY RESULT IN LOSS OF CUSTODY OF THIS CHILD (OR CHILDREN).” (B)-(G) [No Change] (f)Preliminary Hearing on Motion. (1) [No Change] (2) If the parent or legal custodian who is the subject of the motion wishes to challenge the motionor-tf-the parent—or legal custodian was properly served and ■fails to appear at the preliminary' hearing, the court must schedule an evidentiary hearing on the motion within 30 days. (3) If the parent or legal custodian who is the subject of the motion wishes to consent to the motion without admitting or denying the allegations of the motion, the court shall enter an order supplementing the initial order of adjudication of dependency based on the sworn allegations of the motion. Failure of the person properly served' with' notice to personally appear at the preliminary hearing on the motion constitutes the person’s consent to the court’s finding that the person contributed to the dependency status of the child pursuant to the statutory definition of a dependent child. ■ (g) Evidentiary Hearing. (l)-(4) [No Change] (5) Failure to Appear. If a person appears for the preliminary hearing on the motion and the court orders that person to personally appear at the evidentiary hearing on the motion,.stating the date, time, and place of the evidentiary, hearing, then that person’s, failure to appear for the scheduled evidentiary hearing constitutes consent to the court’s finding that the person contributed to the dependency status of the child pursuant to the statutory definition of a dependent child. (h) [No Change] (i) Supplemental Disposition Hearing. (1) [No Change] (2) Supplemental Predisposition-Stu-dyReports and Case Plan. (A) A written case' plan and a-predispo-s-ition.studyany- reports required by law prepared by an authorized agent Of the department must be filed with the court, served upon the parents of the child, provided to the representative of the guardian ad litem program, if the program has been appointed, and provided to all other parties not less than 72 hours before the supplemental disposition hearing. (B) The court may grant an exception to the requirement for a ■predisposition studyany reports required by law by separate order or within the judge’s order of disposition upon a, finding that all the family and child information required by law is available in other documents filed with the court. (3) Supplemental Order of Disposition. The court shall in its written supplemental order of disposition include: (A)-(G) [No Change] (H) approval of the case plan and any reports required by law or direction to amend the case plan within 30 days; and (I) [No Change] RULE 8.400. CASE PLAN DEVELOPMENT (a)-(c) [No Change] (d) Department Responsibility. . (1)—(8) [No Change] (9) The department'must attach a copy of the child’s transition plan, if applicable, to the case plan. (e)-(f) ‘ [No Change] RULE 8.401. CASE PLAN DEVELOPMENT FOR YOUNG ADULTS (a) [No Change] (b) Contents.. The case plan must be written simply and clearly in English and the principal language of the young adult. Each case plan must contain: (1) . Aa description of the services, including independent living services, to be provided to the young adult; (2) Aa copy of the young adult’s transition plan;. (3) Tthe permanency goal of transition from licensed care to independent living; and , (4) Tthe date the compliance period expires. (c) Department Responsibility. (1)—(4) [No Change] (5) The department must attach a copy of the young adult’s transition plan to the case plan. (d)-(f) [No Change] RULE 8.415. JUDICIAL REVIEW OF DEPENDENCY CASES (a) [No Change] (b) Scheduling Hearings. (l)-(2) [No Change] (3) Review Hearings for Children 17 Years of Age. The court must hold a judicial review hearing within 90 days after a child’s 17th birthday. The court must also issue an order, separate from the order on judicial review, that the specific disabilities of nonage of the child have been removed pursuant to sections 743.044, 743.045, 743.046, and 743.047, Florida Statutes, as well as any other disabilities of nonage that the court finds to be in the child’s best interest to remove. The court must continue to hold timely judicial review hearings. The department must update the child’s transition plan before each judicial review hearing as required by Iaw.If necessary, the court may review the status of the child more frequently during the year before the child’s 18th birthday. At the last review hearing before the child reaches 18 years of age, the'court must also address whether the child plans to remain in foster care, and, if so, ensure that the child’s transition plan complies with the law. The court must approve the child’s transition plan before the child’s 18th birthday. (4) [No Change] (c)-(i) [No Change] Committee Notes [No Change] RULE 8.435. REINSTATEMENT OF JURISDICTION FOR YOUNG ADULT (a) Petition for Reinstatement of Jurisdiction. (1) If a young adult who is between the ages of 18 and 21, or 22 if the young adult has a disability, is re-admitted to foster care,, the department shall petition the court to reinstate jurisdiction over the young adult. (2)—(3) [No Change] (b)-(c) [No Change] RULE 8.505. PROCESS AND SERVICE (a) Personal Service. On the filing of a petition requesting the termination of parental rights, a copy of the .petition and notice of the date, time, and place of the advisory hearing must be personally served on: (l)-(5) [No Change] (6) any prospective parent identified by law, unless a court order has been entered which indicates no further notice is required, or if the prospective father executes an affidavit of nonpaternity or a consent to termination of his parental rights which is accepted by the court after notice and opportunity to be heard by all parties to address the best interests of the child in accepting such affidavit; (7)-(9) [No Change] ' (b)-(d) [Ño Change] FORM 8.967. ORDER OF DISPOSITION, ACCEPTANCE OF CASE PLAN, AND NOTICE OF HEARING [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] . Art. V, § 2(a), Fla. Const. . See ch. 2017-8, §§ 3, 8,. Laws of Fla. (amending § 39,701(3)(a), Fla. Stat.; effective May 1, 2017); ch, 2017-151, §§ 3, 7, 10, 12-13, 17, 21, 46, Laws of,Fla. (amending §§ 39.013(2), 39.402(8)(c)j 39.5Q7(7)(b), 39.521(l)(a), 39.522(2), (3), 39.6035(4), 39,801(3)(a), Fla. .Stat.; effective July 1, 2017). . All comments must be filed with the Court on or before April 2, 2018, with a certificate of service verifying that a copy has been served on the Committee Chair, Kara Ann Fenlon, 301 S. Monroe Street, Suite 401, Tallahassee, Florida 32301-1861, Kara.Fenlon® flpd2.com, and on the Bar Staff Liaison to the Committee, Mikalla Andies Davis, 651 E. Jefferson Street, Tallahassee, Florida 32399-2300, mdavis@floridabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until-April 23, 2018, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal) in accordance with In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Fiiing Portal, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a non-lawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Comments •filed via the Portal must be submitted in Microsoft Word 97 or higher. See In re Electronic Filing in the Florida Supreme Court, Fla. Admin. Order No. AOSC17-27 (May 9, 2017). Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.